UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ALLEN PARSONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01447 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence [doc. #1] pursuant to 28 U.S.C. § 2255.

**I.   BACKGROUND**

Timothy Allen Parsons ("Petitioner") was stopped by the Phelps County Sheriff's Department for speeding on June 19, 2005. After a narcotics trained canine alerted the police to the presence of a narcotic odor, the police searched the trunk of Petitioner's rental vehicle and found 5.5 pounds of cocaine. Petitioner was arrested and charged with possession with the intent to distribute in excess of five hundred (500) grams of cocaine in violation of 21 U.S.C. § 841(a)(1).

As the Petitioner was unable to retain counsel, he was assigned Federal Public Defender Thomas Flynn ("Mr. Flynn) on June 21, 2005, to defend him on the above charge. On July 7, 2005 Caterina DiTraglia ("Ms. DiTraglia") replaced Mr. Flynn as counsel of record for the Petitioner. Petitioner filed a Motion to Suppress the evidence obtained from the traffic stop. An evidentiary hearing was held on the motion before United States Magistrate Judge Mary Ann L. Medler, and Judge Medler subsequently issued a report and recommendation, recommending that

1

Petitioner's motion to suppress be denied. On November 9, 2005, this Court adopted Judge Medler's recommendation.

On November 29, 2005, Petitioner pleaded guilty to the crime charged, and as part of the Plea Agreement Petitioner waived his right to appeal the denial of his motion to suppress. Prior to sentencing, Petitioner informed his counsel that he wished to withdraw his guilty plea so that he could appeal the ruling on the motion to suppress. Ms. DiTraglia informed Petitioner of the futility of such a request, but nonetheless moved this Court to allow Petitioner to withdraw his plea of guilty. The Court denied Petitioner's request. Petitioner was then sentenced to sixty months imprisonment. Despite Petitioner's waiver of his right to appeal, Petitioner appealed, and the Eighth Circuit dismissed his appeal. Petitioner filed the pending motion to vacate, set aside, or correct sentence on August 13, 2007, asserting ineffective assistance of counsel. The Government filed its response on November 21, 2007. On March 21, 2008, Petitioner filed a Motion to Amend and/or Supplement Pending § 2255 motion, in which Petitioner claims that the judgment against him should be vacated because the prosecution failed to prove jurisdiction. The Court will now address the pending motion.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. §2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. For § 2255 petitions, "the question in each case must be . . . whether the kind of violation alleged demonstrates either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the

rudimentary demands of fair procedure.'" *Poor Thunder v. United States*, 810 F.2d 817, 822 (8th Cir. 1987) (*quoting Hill v. United States*, 368 U.S. 424, 428 (1962)). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

A §2255 petition may be based upon a violation of the Sixth Amendment right to effective assistance of counsel. To be successful on this basis, the petitioner must demonstrate: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[,]" and (2) "counsel's deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). To prove ineffective assistance under the first prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

The recent Eighth Circuit case of *Marcrum v. Luebbers*, 509 F.3d 489, 503 (8th Cir. 2007), is instructive in resolving the issue of "deficiency of performance" in the *Strickland* context:

> The test we apply for deficiency of performance is an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. In *Strickland*, when the Supreme Court

3

pronounced this standard, it expressly declined to dictate detailed rules for deciding reasonableness: "More specific guidelines are not appropriate." *Id*. However, *Strickland* gave us several guides to decision: we must assess reasonableness on all the facts of the particular case, we must view the facts as they existed at the time of counsel's conduct, and we must evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing of the state's case. *Id*. at 690.

*Marcrum*, 509 F.3d at 503.

Additionally, the second prong of the *Strickland* test requires a determination of whether counsel's deficient performance effected the result.

> If, viewed with appropriate deference, counsel's performance was in fact deficient, the convicted defendant will only be entitled to relief if he shows there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The reviewing court must not consider the attorney error in isolation, but instead must assess how the error fits into the big picture of what happened at trial. *Id.* at 696. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*

*Marcrum*, 509 F.3d at 503. The Court may address the two prongs of the *Strickland* test in any order, and if a petitioner fails to make a sufficient showing on one prong, the Court need not address the other. *Strickland*, 466 U.S. at 697; *Matthews v. United States*, 114 F.3d 112, 113-14 (8th Cir. 1997).

## III. DISCUSSION

Petitioner alleges ineffective assistance of counsel on the following bases: (1) counsel's alleged failure to investigate the Phelps County Sheriff's Department and circumstances surrounding his arrest;[1] (2) failure to present sufficient legal arguments in support of Petitioner's

---

[1] Petitioner claims that both public defenders assigned to him were ineffective in their failure to investigate. However, the Court notes that Mr. Flynn, Petitioner's first public defender, was only assigned Petitioner's case for seventeen days, after which time Ms. DiTraglia took full responsibility for Petitioner's defense. Ms. DiTraglia obtained Mr. Flynn's notes from his first conference with Petitioner. Petitioner presents no evidence that would support a claim of

4

motion to suppress; (3) advising Petitioner to waive his right to appeal; and (4) failure to successfully advocate for the withdrawal of Petitioner's guilty plea. Petitioner claims that counsel's failure fell below an object standard of reasonableness and, but for counsel's errors, the result of the proceedings would have been different. The Government disputes that counsel acted unreasonably in representing Petitioner. The Court will address each of Petitioner's arguments, in turn.

### 1. Motion to Suppress

#### a. Failure to Investigate

Petitioner argues that counsel insufficiently investigated the circumstances surrounding the stop of Petitioner's automobile by the Phelps County Sheriff's department, and the subsequent search of his vehicle. Specifically, Petitioner believes that he was enticed to speed due to the presence of a black pick-up truck that was operated by the Phelps County Sheriff's department, which he accelerated to pass. Petitioner further argued that the traffic stop was pretextual, and that the real reason for the stop was to search the Petitioner's car for contraband.

The first prong of the *Strickland* test requires Petitioner to show that counsel was objectively unreasonable. 466 U.S. at 697. "Reasonable performance of counsel includes an adequate investigation of facts, consideration of viable theories, and development of evidence to support those theories." *Nazarenus v. United States*, 69 F.3d 1391, 1394 (8th Cir. 1995) (internal quotation omitted). Ms. DiTraglia has submitted an affidavit in which she testifies that she met with Petitioner on multiple occasions prior to the suppression hearing in this case. Furthermore, she hired a private investigator who examined the scene of the stop, and questioned

---

ineffective assistance for failure to investigate against Mr. Flynn, and therefore the Court concludes that Petitioner's claim against him is unsuccessful. *Strickland* 466 U.S. at 687. The remainder of the Court's discussion will focus on Ms. DiTraglia's conduct as Petitioner's counsel.

individuals in the surrounding areas about the black pick up truck that Petitioner stated he believed was part of an unlawful practice to entice Petitioner to speed. Ms. DiTraglia further testified that she herself questioned individuals in the area, and left her card at numerous homes in order to acquire any information that might support Petitioner's statement of the events regarding the stop and subsequent arrest. Although Ms. DiTraglia admits that she did not pursue an investigation of the Phelps County Sheriff's Department, which Petitioner claims should have been done, counsel stated that this was because she knew of continuous unsuccessful efforts by the Federal Defender's office to discredit the Phelps County Sheriff's Department.

In reviewing counsel's conduct it cannot be said that she failed to investigate Petitioner's version of the facts, to the contrary, Ms. DiTraglia conducted a thorough investigation. Finding no evidence to support Petitioner's assertions, nor finding any legal basis to discredit the Phelps County Sheriff's department, Ms. DiTraglia was unable to suppress the evidence obtained from Petitioner's vehicle following the traffic stop. The Court finds no error in Ms. DiTraglia's conduct.

### b. Failure to Consult with Petitioner

Petitioner claims that counsel agreed to show him memorandums and briefs before the suppression hearing, and failed to do so. Counsel admits in her affidavit that, due to her workload, she was unable to send the information to Petitioner before she filed the memorandum with the court, as she had stated to the Petitioner. However, she did overnight the information to Petitioner when she discovered she did not mail them in time. Despite counsel's failure to send the documents to Petitioner to view, prior to filing them with the court, Petitioner presents no evidence to demonstrate that this action prejudiced the Petitioner. *U.S. v. Cronic*, 466 U.S. 648 (1984) (stating that the burden of prove of ineffective assistance rests on the defendant).

Petitioner's review of the memorandum would not have had any effect on the outcome of the case. The two arguments that Petitioner alleges should have been made, namely that the traffic stop was pretextual, and that the Sheriff's Department was corrupt, would have been frivolous. The Supreme Court has held that routine traffic stops which lead to a search for contraband do not violate the Constitution, even if such search was the real purpose for the stop. *See Arkansas v. Sullivan*, 532 U.S. 769, 771-772 (2001) (Quoting *Wren v. United States*, 517 U.S. 806, 813 (1996), there, the Court noted its "unwilling[ness] to entertain Fourth Amendment challenges based on the actual motivations of individual offices," and "held unanimously that '[s]ubjective intentions play no role in ordinary, probable-cause analysis.'" (alterations in original)). Additionally, counsel testified through her affidavit that attempts by the federal defender's office to discredit the Phelps County Sheriff's department have repeatedly been rejected by the Court. Thus, due to the lack of prejudice, defendant's claim of ineffective assistance of counsel for failing to appraise the Petitioner of the contents of her pre-hearing memorandum and briefs is denied.

### c. Counsel's Conduct during the Suppression Hearing

Lastly, in relation to Petitioner's motion to suppress, Petitioner challenges counsel's conduct at the suppression hearing as unreasonable, due to her failure to object to leading questions in the identification of petitioner. The Government disputes that counsel's conduct was unreasonable. Counsel testified in her affidavit that she did not challenge the government's witness's identification of Petitioner as the occupant of the vehicle as she did not believe that identification was an issue in the case. The Court finds that this conclusion was reasonable. Petitioner never claimed that he was not the driver of the car in question, and therefore, there was no need for counsel to challenge the government's evidence regarding identification.

### 2. Grand Jury Testimony

Petitioner's next claim is that counsel was ineffective for failing to obtain copies of the grand jury testimony. The government responds that this claim must fail as Petitioner was not entitled to the grand jury testimony under the Jenks Act, 18 U.S.C. § 3500.[2]

The Jenks Act provides that "[i]n a criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). No trial was conducted in the present case as Petitioner pleaded guilty, and therefore no witnesses that testified before the grand jury also testified on direct examination at trial. Furthermore, Petitioner has failed to provide any evidence of any witnesses that were going to testify at trial on behalf of the government. The government is not required to disclose Jenks Act material prior to trial, and therefore Petitioner's claim that counsel was entitled to this material is without merit. *See United States v. Rivera-Moreno*, 2007 WL 1703406, *13 (D. Neb. June 11, 2007). Lastly, the Court finds that even if Petitioner's counsel was unreasonable in failing to request transcripts of the grand jury proceedings, Petitioner was not entitled to such material, and therefore Petitioner is unable to show any prejudice stemming from counsel's conduct. As such, Petitioner's argument fails both prongs of the *Strickland* test; counsel's conduct was neither unreasonable nor prejudicial.

---

[2]The Court notes that a claim that the government failed to produce evidence under the Jencks Act is not cognizable in a § 2255 proceeding. *Lindhorst v. United States*, 585 F.2d 361, 366 (8th Cir. 1978). The Eighth Circuit also held, in a *per curiam* opinion, that a claim of ineffective assistance of counsel for failure of appointed counsel to advise the defendant to request the production of materials under the Jencks Act, was not cognizable under § 2255. *Wilson v. United States*, 554 F.2d 893, 894 (8th Cir. 1977). However, for purposes of this motion, the Court assumes that Petitioner's ineffective assistance of counsel claim for failing to request such materials under the Jencks Act is cognizable.

### 3. Waiver of Appeal

Petitioner claims that his trial counsel was unreasonable in advising him to waive his rights to appeal the denial of his motion to suppress. The Government responds that this advice was not unreasonable, as it led to a reduction in Petitioner's sentence. Under the terms of Petitioner's plea agreement, in return for Petitioner waiving his right to appeal, Petitioner was given a minor role reduction under United States Sentencing Guideline ("U.S.S.G.") § 3E1.2, the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b), and an opportunity to meet the 'safety valve' requirements. Petitioner must show that counsel's conduct was unreasonable and prejudicial. *Strickland* 466 U.S. at 687. Petitioner has not presented evidence to support either prong of the *Strickland* test. Counsel's advice to Petitioner to waive his right to appeal was clearly reasonable, as the likelihood of success on appeal was small, and the reductions he received in exchange resulted in a lower sentence. Furthermore, even if counsel's advice was unreasonable, there was no prejudice, as any appeal of Petitioner's motion to suppress would have been unsuccessful. Petitioner has not presented any evidence that supports a finding that this Court's ruling on Petitioner's motion to suppress was in error. Therefore, the Court concludes that Petitioner's claim that counsel was ineffective for advising him to waive his right to appeal is without merit.

### 4. Withdrawal of Guilty Plea

Petitioner claims that counsel was ineffective for failing to file a motion on Petitioner's behalf to allow Petitioner to withdraw his guilty plea. This claim is clearly without merit, as Petitioner's trial counsel did move this Court to allow Petitioner to withdraw his guilty plea, and the Court denied Petitioner's motion. Petitioner cannot show that counsel's actions were unreasonable, and therefore cannot satisfy the first prong of the *Strickland* test.

### 5. Jurisdiction

Lastly, Petitioner, in his amended motion under 18 U.S.C. § 2255,[3] claims that the Government failed to present evidence supporting this Court's jurisdiction over his case, and that Petitioner's trial counsel was ineffective for failing to raise this argument on Petitioner's behalf. Petitioner argues both that the Government failed to prove this Court's subject matter jurisdiction over the crime, as well as failing to show this Court's jurisdiction over the Petitioner. The Government did not file a response to Petitioner's amended motion. Again, the Court notes that Petitioner must show that counsel's conduct was both unreasonable and prejudicial. *Strickland* 466 U.S. at 687. Assuming that counsel was ineffective for failing to raise this argument before the trial court, the Court finds that there was no prejudice as a result of counsel's alleged error.

Petitioner cites to the case of *Krull v. United States*, to support his contention that the government was required to prove that the location where the crime was committed was within the jurisdiction of this Court. 240 F.2d 122 (5th Cir. 1957). This requires only a brief response, as the facts of *Krull* are significantly different from Petitioner's case. Specifically, *Krull* involved a charge and conviction for rape, which is made a federal offense only if the rape occurs within the "special maritime and territorial jurisdiction of the United States." *Krull*, 240 F.2d at 127. Therefore, the government was required to prove that the rape occurred in a national park that was the property of the United States. *Id.* No such limitation in the statute exists in Petitioner's case. Petitioner was charged with, and pleaded guilty to, possession with intent to distribute more

---

[3]On May 5, 2008, Petitioner filed a memorandum entitled "Motion for Summary Judgment of Supplement to Pending § 2255 Motion." In this memorandum the Petitioner reiterates his jurisdictional arguments raised in his amendment to his § 2255 motion, and argues that summary judgment is required because the Government did not file a response to Petitioner's amendment. The Court will construe this memorandum as a supplemental brief. Additionally, the Court notes that while the government had the right to file a response, they were not obligated to do so.

than 500g of cocaine in violation of 21 U.S.C. § 841(a)(1). The Eighth Circuit has clearly held that "Congress may regulate both intrastate and interstate drug trafficking under its commerce clause powers because of the effect that intrastate drug activity has upon interstate commerce." *United States v. Davis*, 288 F.3d 359, 362 (8th Cir. 2002). Therefore, possession with intent to distribute charged under 21 U.S.C. § 841(a)(1) falls within the jurisdiction of this Court, and it was unnecessary for the government to specifically allege federal subject matter jurisdiction.

Petitioner makes a separate jurisdictional claim, arguing that he was taken into custody by the Phelps County Sheriff's Department, and subsequently transferred to the custody of the Drug Enforcement Agency ("DEA"). Petitioner alleges that in order to properly transfer custody the DEA was required to obtain a writ of habeas corpus ad prosequendum, which it failed to do. A writ of habeas corpus ad prosequendum is "[a] writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined." Black's Law Dictionary, 715 (7th ed. 1999). However, where the state voluntary relinquishes custody of a prisoner to federal authorities, no writ of habeas corpus ad prosequendum is required. *United States v. Clifton*, 2007 WL 1749217, *4 (E. D. Mo. June 13, 2007). Petitioner's assertion that he was improperly taken into federal custody by the DEA agents is without merit.

Lastly, the Petitioner appears to argue that the government was required to show that this Court was the appropriate geographical jurisdiction for prosecution of the crime, or in other words, the appropriate venue. Article III § 2 of the United States Constitution requires a showing of proper venue. "A violation of federal law may be prosecuted 'in any district in which such offense was begun, continued, or completed.'" *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006) (quoting 18 U.S.C. § 3237(a)). "The government bears the burden of proving

11

venue by a preponderance of the evidence. However, when the relevant facts to determining venue are not disputed, the district court may resolve the issue as a matter of law." *United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir. 1995). In the present case, there was no dispute over the location of the Petitioner at the time the crime was committed. Furthermore, Petitioner pled guilty to the crimes charged, thereby relieving the Government of its burden of proof.

The Court concludes that all claims of lack of jurisdiction, subject matter, personal, and venue, are without merit. The Petitioner was properly arrested and charged for the crimes committed, and he subsequently pled guilty to those crimes. Petitioner's trial counsel was not ineffective for failing to challenge this Court's jurisdiction.

## IV. CONCLUSION

Petitioner's claim of ineffective assistance of counsel is not supported by the evidence, to the contrary, the evidence supports a finding that Ms. DiTraglia was reasonable in her defense of Petitioner. Furthermore, Petitioner has failed to provide any evidence of prejudice resulting from any of counsel's allegedly unreasonable conduct. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied. Furthermore, the Court will not issue a certificate of appealability in this case, as Petitioner has not made a substantial showing that any of the issues presented are debatable among reasonable jurists. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Petition.

Dated this <u>19th</u> day of <u>May</u>, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE